The People of Puerto Rico, Plaintiff and Appellee, *v.* Sixto Alamo Báiz, Defendant and Appellant.

No. 9999. Argued May 17, 1943.—Decided May 25, 1943.

*Varona Pacheco* and *Pérez Rodríguez* for appellant.   R. A. Gómez, *Prosecuting Attorney (Fiscal),* and *Luis Negrón Fernández Assistant Prosecuting Attorney,* for appellee.

Mr. Justice De Jesús delivered the opinion of the court.

Appellant was sentenced to seventeen years' imprisonment at hard labor upon conviction of murder in the second degree.   On appeal, he assigns as an only error that the verdict is not sustained by the evidence.   He bases his contention: (*a*) in that, according to the defense, the acts imputed to the defendant occurred by reason of a sudden quarrel or heat of passion; (*b*) in that there existed no express nor tacit premeditation; (*c*) in that as one of the witnesses for the prosecution had originally declared to a policeman that a man known by the nickname of "Jibarín" had participated in the crime, that circumstance should have produced in the minds of the jury a reasonable doubt as to the real author of the offense; and (*d*) that there exists "a not very remote possibility" that the defendant was really the person who gave the first blow originally, but did not do the stabbing.

■ The evidence of the prosecution reveals that on the night of the events involved herein appellant and some friends were in an establishment named "Bar America," the property of Federico Santiago Gómez. That the defendant and a chum of his known by the nickname of "Jibarín" went to the counter and asked for sandwiches and beer, which were served to them by the bartender, and they paid with a 25 cents and a 10 cents coin, respectively. That the bartender placed the change corresponding to each one of them on the counter, but "Jibarín" took all the money and put it in his pocket. For said reason, an argument arose between them, which resulted in the owner of the establishment scolding them and requesting them to leave the place. At that moment, and for no other reason, the defendant hit the owner of the place with his fist on the chest throwing him down, and the man started complaining that he had been wounded. The defendant, as well as his chum "Jibarín," immediately fled. The victim was raised and placed on a table, where it was found that he was wounded, and after being taken to the hospital, he died there a few hours later. The physician who made the autopsy testified that the wound measured three and one-eighth inches wide, that it had been made with a steel weapon, and that it had penetrated the left lung, cutting into the pulmonary artery, near the right ventricle, causing a large hemorrhage which was the cause of his death.

Such was the evidence of the prosecution presented to the jury. It does not appear from it that there had been a sudden quarrel or that there was any reason for heat of passion on the part of the defendant nor does defendant's evidence tend to prove anything like it. The defendant only introduced evidence simply trying to establish that he did not cause the wound, and that he was not present when the crime was committed.

■ That the tacit premeditation existed was conclusively shown by the fact that there was no provocation to be mentioned which might cause the death of the victim. Section 200 of the Penal Code. ■ The fact that the weapon was not found does not benefit defendant in any way. According to the prosecution's evidence, the defendant was the only one who attacked the victim. Two witnesses saw the assault, and although they testified that they had not seen the weapon, the best proof that the defendant had it in his hands is the wound itself, which was necessarily made with a steel weapon. ■ And lastly, the fact that one of the witnesses for the prosecution had said, on a certain occasion outside of court, that the one who caused the death was "Jibarín," and not the defendant, does not necessarily imply that the jury was obliged to give credit to said statement or that the same would necessarily produce in their minds a reasonable doubt as to the guilt of the defendant.

For the reasons stated, the appeal must be denied and the judgment affirmed.